UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:13 CV 35 RWS |
| | ) |
| DAWNE R. YOUNG, | ) |
| individually and d/b/a DOWN UNDER, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiffs' motion for a default judgment. This is an action for copyright infringement brought by Plaintiffs Broadcast Music, Inc. and individual copyright owners (collectively referred to as "BMI") against Defendant Dawne R. Young (d/b/a Down Under). BMI is a performing rights society which acquires non-exclusive public performance rights from copyright owners, including music publishing companies and independent composers. The other named Plaintiffs are the copyright owners of the musical compositions which are the subject of this action. Defendant Dawne R. Young owns and operates Down Under, an establishment that regularly features performances of live and recorded music.

The present lawsuit alleges that Young committed thirteen acts of willful infringement of BMI's copyrighted material via unauthorized public performances at Down Under on July 21, 2011. Prior to the infringements at issue, BMI telephoned Young on 81 occasions and sent 22 letters informing her of the need to obtain permission for public performance of copyrighted music. BMI has sued Young, seeking an injunction, statutory damages, the costs of this action, and reasonable attorneys' fees.

Young was served on January 27, 2013.  On May 7, 2013, the Clerk of Court entered a default against Young because she failed to file an answer or other responsive pleading.  In its motion for default judgment, BMI prayed for statutory damages in the amount of $26,000, which represents an award of $2,000 for each of the thirteen acts of infringement, in addition to attorney's fees costs totaling $10,387.78.  BMI also requests a permanent injunction to prevent Young from committing future acts of infringement.

Under the Copyright Act, 17 U.S.C. § 504(a), an infringer of a copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages.  The measure of damages is elected by the copyright owner. § 504(b) and (c).  Here, BMI has elected to seek statutory damages.  17 U.S.C. § 504(c) provides that a copyright owner may recover an award of statutory damages, with respect to any one work, "in a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

BMI has submitted affidavits which support its allegations that Young infringed upon thirteen separate and distinct copyrighted musical compositions.  BMI has also shown that it made several attempts to convince Young to enter into a licensing agreement for the music performed at their venue, or to cease the public performance of its compositions.  Despite these efforts, Young continued to infringe upon the works licensed by BMI.  Young failed to appear in this action to defend or offer any justification for her actions.  Accordingly, I find that the amount of $2,000 per infringement is reasonable based upon the cost of licensing associated with the infringed works, a finding that Young's infringing acts were willful, and in light of the statutory damages awarded in similar infringement actions.

BMI argues it is entitled to an injunction prohibiting Young from unlawfully infringing its copyrighted music.  Section 502(a) of Title 17 provides: "Any court having jurisdiction of a

civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." When a "history of continuing infringement" is present and "a significant threat of future infringement remains," a permanent injunction is appropriate. <u>Olan Mills, Inc. v. Linn Photo Co.</u>, 23 F.3d 1345, 1349 (8th Cir. 1994) (citation omitted). Because Young demonstrated a history of willful infringement despite warnings from BMI, I will also grant BMI's request that Young be permanently enjoined from infringing upon any copyrighted musical compositions licensed by BMI.

17 U.S.C. § 505 provides that "in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." I have reviewed BMI's application for attorney's fees. Based on my review, I will award BMI reasonable attorney's fees amounting to $6,500, plus fees and costs.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' motion for default judgment [#26] is **GRANTED** to the extent set out above.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2013.